(C. D. 371)

BRUMMER GALLERY, INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 16, 1940)

*Strauss & Hedges; Barnes, Richardson & Colburn (J. Bradley Colburn* of counsel), associate counsel, for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Daniel G. McGrath*, special attorney), for the defendant.
Before CLINE, EVANS, and KEEFE, Judges; EVANS, J., not participating

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover the duty assessed on certain bronze orna-

ments at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930. It is claimed that the articles are free of duty under paragraph 1811 as artistic antiquities produced prior to the year 1830.

At the trial counsel for the plaintiff moved in evidence all of the papers in the case, including particularly the notations of the examiner appearing thereon. Also, there was submitted a stipulation containing the following:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

1. That the merchandise covered by the protest in suit assessed for duty at 45% ad val. under Par. 397 of the Tariff Act of 1930 consists of 178 pieces of bronze ornaments and 8 bronze seals returned by the appraiser as believed produced prior to 1830 and appraised at 15,000 French francs;

2. That said merchandise was not enumerated or described on the invoices accompanying the entry in suit, but was in addition to the merchandise described thereon;

3. That the merchandise was not assessed with an additional duty of 25% of the value under Section 489 of the Tariff Act of 1930;

4. That all of the merchandise covered by this shipment was sent directly to the importer's place of business;

5. That said merchandise was there examined by customs authorities on October 1, 1936;

6. That said merchandise was released from customs custody prior to receipt by the importer of notice of the excess merchandise;

7. That the appraiser's action on the invoice was completed on December 17, 1936;

8. That a six months bond was given for the production of the consular invoice and owner's affidavit;

9. That the regularly certified consular invoice containing the required antique information for the merchandise in suit was received and filed with the Collector of Customs on February 8, 1937, within the six months bonded period, in satisfaction of the bond given for its production;

10. That the owner's affidavit of antiquity on customs form 3343 was received and filed with the Collector of Customs on February 8, 1937, within the six months bonded period, in satisfaction of the bond given for its production.

11. That if the documents referred to in Paragraphs 9 and 10 hereof had been filed prior to the release of the merchandise from customs custody, the merchandise covered by this protest would, in liquidation, have been classified free of duty under Paragraph 1811 of the Tariff Act of 1930.

12. That the original entry papers and all other papers mentioned herein cannot be located.

Free entry under paragraph 1811 is conditioned upon compliance with the regulations of the Secretary of the Treasury as to proof of antiquity. The shipment which contained the articles here under consideration was entered on September 29, 1936. The conditions which the importers of antiquities were required to meet at that time are contained in article 450 (c) and (d) of the Customs Regulations of 1931. Article 450 (c) was amended on September 23, 1932 (T. D. 45890) and that amendment, together with article 450 (d) was amended

on September 13, 1933 (T. D. 46622). This amendment, which was in force at the time of importation of the goods herein, reads as follows:

Article 450 (c). Regardless of the value of the articles the invoice filed in connection with the entry shall contain a declaration by the seller or shipper, showing the name and address of the person from whom the articles were acquired, the date when acquired, and, if possible, the place and approximate date of production; but this declaration may be waived by the collector in any case where he is satisfied that failure to produce it is not due to any lack of diligence or good faith on the part of the importer and that the information is not required for any purpose in connection with the classification and appraisal of the articles, provided the affidavit of the owner required by paragraph (d) of this article is supplemented by a sworn statement of the owner, giving all the facts within his knowledge tending to show how long the articles have been in existence and where they were produced.

(d) An affidavit by the owner on customs Form 3343 shall also be filed in connection with the entry.

Before the amendment in T. D. 46622, article 450 (c) and (d) contained the requirement that the invoice with the proper statements thereon and the affidavit of the owner should be filed "on entry", but in the amended regulation that requirement was changed to read "in connection with the entry."

The fact that the articles herein involved are artistic antiquities produced prior to the year 1830 appears to be undisputed and the only question involved is whether the importer may secure free entry of the goods under paragraph 1811 in view of the fact that they were not described on the invoice upon which entry was originally made and that they were released to the importer prior to a compliance with the customs regulations.

The collector accepted a bond for the production of the required documents and they were filed prior to the expiration of the bond, but, nevertheless, the collector refused to classify the goods under paragraph 1811 because the documents required by the regulations were not filed before the goods were released to the importer. The case containing the goods was sent to the importer's place of business directly from the dock and it was released to the importer before he received notice that excess articles were contained in the case and before the collector accepted his bond for the production of the required documents, so that, under the collector's interpretation of the law, the giving of the bond and the production of the required documents were useless procedures.

An examination of the copy of the original invoice and of the entry in the papers covering the case shows that all the other articles in the shipment were returned free of duty under paragraph 1811, the only duty assessed being on the excess merchandise. An additional invoice containing the required data respecting the excess merchandise appears among the papers of the case but the required owner's

affidavit is missing. According to statements in the stipulation filed in the case, the original entry papers and all other papers originally filed cannot be located and we assume that the owner's affidavit filed under the terms of the bond and all of the original papers were mislaid in the customhouse.

The plaintiff refers to article 300 of the Customs Regulations of 1931 for the purpose of showing the collector's authority for accepting a bond for the production of missing papers. That regulation read as follows:

Art. 300. Incomplete entry—General order—Bonds for the production of documents.—

(b) Unless otherwise provided in these regulations, a bond may be given on the appropriate form for the production of any document required which is not available at the time of entry.

Article 450 (l) of the Customs Regulations of 1931, as amended in T. D. 47830, is undoubtedly the one relied upon by the collector for refusing to classify the merchandise under paragraph 1811. It reads as follows:

(l) A claim for the free entry of an article under paragraph 1811 on the basis of antiquity may be made on the entry or by amendment thereto at any time prior to liquidation of the entry *provided that the article has not been released from customs custody.* [Italics ours.]

It is stated in paragraph 11 of the stipulation above quoted that if the proper invoice and affidavit described in paragraphs 9 and 10 had been filed before the merchandise was released from customs custody the articles would have been classified under paragraph 1811. The plaintiff alleges in his brief that the provisions of article 450 (l) above quoted are not binding on the court because that regulation bears no relation to "proof of antiquity" and that the regulations in article 450 (c) and (d) are the only mandatory regulations which the court must consider because paragraph 1811 provides merely that "the free importation of such objects shall be subject to such regulations as to *proof of antiquity* as the Secretary of the Treasury may prescribe."

The plaintiff cites M. Grieve & Co. v. United States, 65 Treas. Dec. 228, T. D. 46895, in support of his contention. The regulation under consideration in that case was article 450 (l) of the Customs Regulations of 1931 before it was amended in T. D. 47830. That regulation provided that artistic antiquities imported for sale would not be granted free entry unless the importer made a claim for classification under paragraph 1811 upon his entry, or by amendment thereto before examination of the merchandise by the appraiser. The court held that, inasmuch as paragraph 1811 granted the Secretary of the Treasury authority to make regulations as to "proof of antiquity" only, the regulation was not made in compliance with the provisions of para-

graph 1811 but was made under the authority of section 624 of the Tariff Act of 1930 and that it was directory only and not mandatory. Being directory only, it was held that the regulation was not a condition precedent to the importer's right to obtain free entry of his merchandise under paragraph 1811 before the court. We are of opinion that the reasoning in that decision is applicable to the provisions of the amended regulation published in T. D. 47830.

Counsel for the defendant argues in his brief that, since the articles under consideration were not described on the original invoice and entry but were reported by the appraiser as excess merchandise, they were not entered and therefore the additional invoice and affidavit, filed by the importer in compliance with the terms of the bond given for the production thereof, were not available for securing free entry of the goods because they were not filed "in connection with the entry" under the mandatory provisions of article 450 (c) and 450 (d) of the customs regulations.

We are of opinion that section 499 of the Tariff Act of 1930 should be considered in connection with defendant's argument. That section provides that merchandise found in excess of the invoice description shall be added to the entry and duty collected thereon without further procedure, in cases where the appraiser reports that no fraudulent intent is apparent. The pertinent parts of the section read as follows:

\* \* \* If any package is found by the appraiser to contain any article not specified in the invoice and he reports to the collector that in his opinion such article was omitted from the invoice with fraudulent intent on the part of the seller, shipper, owner, or agent, the contents of the entire package in which such article is found shall be liable to seizure, *but if the appraiser reports that no such fraudulent intent is apparent then the value of said article shall be added to the entry and the duties thereon paid accordingly.* [Italics ours.]

By this provision Congress has established a method by which merchandise in excess of the import invoice description shall be included in the same entry which covers the shipment. It is obvious from the language of the statute that, where the United States weigher or other customs officer finds more merchandise than that described on the invoice, it is the duty of the collector to compute the duty on the value of the excess merchandise as well as the value of the invoiced goods in liquidating the entry. It has been held that in cases where the appraiser has advanced the unit value of the invoiced merchandise and the weigher finds an excessive amount of the same goods, the collector must assess additional duty upon all of the merchandise, including that found in excess of that described on the entry or invoice. *United States* v. *Kuttroff, Pickhardt & Co., (Inc.),* 9 Ct. Cust. Appls. 239, T. D. 38204. Under the statute and the decisions, therefore, it is apparent that the antiques which were not listed in the

invoice in this case are nevertheless a part of the entry and there is no merit in the point raised by the defendant that the invoice and affidavit filed by the importer after the date of entry were not filed "in connection with the entry."

If the regulation was intended to contemplate that the documents required by article 450 (c) and article 450 (d) of the Customs Regulations of 1931 should be filed at the time of entry, why were the words "filed upon entry" or "filed on entry" changed in T. D. 46622 to read "filed in connection with the entry?" In article 423 of the Customs Regulations of 1923 it was required that a certificate of the foreign shipper of the antiques and an owner's affidavit should be filed "on entry" and it was provided also that a bond for the subsequent production of either of those documents within 6 months may be taken. The facts in *Waldhorn Co., Inc.* v. *United States*, 57 Treas. Dec. 1188, Abstract 11677, are similar to those in the case now before the court. In that case antiques in excess of the invoice description were found in the shipment. The collector assessed duty thereon because the importer failed to file the documents required by the regulations for free entry of the merchandise as artistic antiquities under the provisions of the Tariff Act of 1922. The court overruled the importer's claim with the statement that if the importer had been unable to file the documents on entry he might have given a bond for the production thereof within 6 months. The decision of the court, as published, reads:

The court overruled the protest saying that it would be a dangerous precedent to say that goods might be successfully contended to be exempt from duty because the importer claims he was not notified that they were being shipped. It was assumed that he was notified of the excess when it was found by the Government officials, when it became his duty to tender a bond for the purpose of producing the necessary papers and proof to show that it was entitled to free entry.

While article 450 of the customs regulations in force at the time of the instant importation makes no provision for the filing of a bond for the production of the required documents relating to the proof of antiquity, there appears to be no provision prohibiting the filing of such a bond. Article 300 of the customs regulations, above quoted, provides that "unless otherwise provided in these regulations, a bond may be given on the appropriate form for the production of any document required which is not available at the time of entry," and such a bond was filed in connection with the entry in this case and the documents were produced by the importer within the period covered by the bond and before liquidation. As articles 450 (c) and 450 (d) provide merely that the required documents be filed "in connection with the entry," we hold that the plaintiff has complied with the terms of the regulation and that the merchandise herein involved is free of duty under paragraph 1811 of the Tariff Act of 1930. Judgment will be entered sustaining the plaintiff's claim.