No. 47058.—Protests 2442–K, etc., of Porto Rico Iron Works (San Juan)

Opinion by KEEFE, J. At the trial the secretary of the plaintiff company testified that the merchandise consisted of broken pieces of machinery purchased from sugar manufacturers in the Virgin Islands; that prior to becoming scrap the material consisted of couplings and roll shells (cylinders used to grind sugar cane); that the company had reduced the material to the condition of scrap at their sugar factory, and that iron and scrap brass imported contained no identifying marks that would indicate the origin of the machinery from which the scrap was derived. No evidence was produced to establish the claim for free entry as American goods returned. It was not shown, in accordance with the requirements of said section 1394, that the imported material is the growth or product of the Virgin Islands or that it was manufactured in the Virgin Islands from material the growth or product of such Islands, or the United States, or both. Neither was it shown that the materials used do not contain more than a total value of 20 percent of foreign materials upon which no drawback has been allowed. The court was unable to find anything in the record sufficient to overcome the correctness of the classification of the collector. Judgment was therefore entered in favor of the Government.

No. 47059.—Protest 67141–K of James W. Elwell & Co., Inc. (New York).

Opinion by KEEFE, J. From an examination of the papers the court was unable to find anything sufficient to overcome the presumption of correctness attaching to the collector's action. The protest was therefore overruled.

BEFORE THE FIRST DIVISION, APRIL 9, 1942

No. 47060.—Protest 944634–G of Wm. Shaland (New York).

Opinion by OLIVER, P. J. In accordance with stipulation of counsel and on the authority of Abstracts 44122 and 32264 the kazoos in question were held dutiable at 45 percent under paragraph 397 as claimed.