No. 54348.—Ulpiano Casal *v.* United States, protest 91973–K (San Juan).

JOHNSON, Judge: The merchandise the subject of this suit consists of 26 tons of sheet, angle, and scrap iron and 1 ton of old brass, imported from St. Thomas, Virgin Islands, and entered at the port of San Juan, Puerto Rico. The sheet, angle, and scrap iron were classified and assessed with duty as scrap iron under the provisions of paragraph 301 of the Tariff Act of 1930, at the rate of 75 cents per ton. The old brass was entered free of duty under paragraph 1634 but was assessed with an excise tax of 4 cents per pound on the copper content thereof under section 3425 of the Internal Revenue Code. The plaintiff claims that the merchandise is exempt from duty under the provisions of paragraph 1615 (a), as amended by the Customs Administrative Act of 1938, as American goods returned. Alternatively, it is claimed free of duty as a product of the Virgin Islands, under 48 U. S. C. § 1394.

At the trial the plaintiff's witnesses testified that the scrap in question was produced from dismantled tanks originally owned by the United States Shipping Board at St. Thomas; that the tanks were manufactured by the Riter-Conley Manufacturing Co., of Pittsburgh, Pa., and shipped to St. Thomas by McClintic Marshal Products Co. of New York. Witness Berne, the former agent of the shipping company that brought the tanks to the Virgin Islands, saw them erected, saw them used by the United States Shipping Board, and saw them dismantled by one Mr. Ramirez. The scrap so produced was shipped to San Juan by the witness.

The law relative to the free entry of American goods returned is very limited in its application and must be strictly construed for the reason that the law itself in subsection (h) provides—

The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.

The regulations prescribe that three conditions must be met, first, that there shall be an invoice of American goods returned and the declaration of the foreign shipper on consular Form 129. This regulation was complied with. Second, that there shall be an affidavit for free entry on customs Form 3311, and third, that there shall be filed a certificate, customs Form 4467, of the collector of customs at the port from which the merchandise was exported from the United States, and that such certificate shall show whether drawback was claimed or paid on the merchandise. This third provision was not complied with. Although it is provided that the collector may waive record evidence of exportation if he is satisfied by the production of other evidence as to the existence of all the facts upon which the entry of the merchandise under paragraph 1615 is dependent, there was no such waiver in the case at bar. Therefore, in view of the mandatory provisions, this court is powerless to grant the relief sought, as the proper filing of such certificate is a condition precedent to recovery.

Respecting the free entry of the merchandise under 48 U. S. C. § 1394, the plaintiff has failed to establish, in accordance with the requirements of section 1394, that the scrap in question is the growth or product of the Virgin Islands or that it was manufactured in the Virgin Islands from material the growth or product of such Islands, or the United States, or both. Neither was it shown that the materials used do not contain more than a total value of 20 per centum of foreign materials upon which no drawback has been allowed.

In the case of *Porto Rico Iron Works* v. *United States*, 8 Cust. Ct. 487, Abstract 47058, the question for consideration was whether the scrap iron there at issue was of such character as would come within the exemption from duty granted under 48 U. S. C. § 1394. The court there stated:

In order that an importer may be entitled to an exemption from the payment of duty upon articles imported from the Virgin Islands, under the foregoing section, it is required that the imported material is, First, the growth or product of the Virgin Islands; or Second, that it was manufactured in the Virgin Islands from materials the growth or product of such islands or of the United States, or of both, and that the materials used in such manufacture do not contain more than a total value of 20 percent of foreign materials upon which no drawback of customs duties has been allowed.

The evidence before us in this case relates to the production of scrap, the refuse of previously manufactured articles of machinery which had outworn their usefulness. The manufacture to be considered therefore is the machinery, not the scrap. We fail to find any evidence that the sugar mill machinery from which the scrap was derived was manufactured in the Virgin Islands from products produced upon said islands or in the United States, nor do we find anything to establish that the materials from which the machinery was made, or the materials in the scrap itself, contained foreign products valued at less than 20 percent upon which no drawback was allowed.

In the case at issue, although it has been established that the tanks from which the scrap was produced were manufactured in the United States, it has not been established that the materials from which the tanks were made, or the scrap itself, contained foreign products valued at less than 20 per centum of the materials used in the manufacture thereof, upon which no drawback was allowed. For the reasons stated, and following the decision cited, we are constrained to enter judgment in favor of the Government.