(C. D. 1283)

DAVIES, TURNER & CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 14, 1950)

*Sharretts & Hillis* (*Howard C. Carter* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Arthur R. Martoccia* and *Harold L. Grossman,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

CLINE, Judge: This is a protest, arising at the port of New York, against the collector's assessment of duty on a china dinner set, imported from England on June 28, 1946, at 70 per centum ad valorem and 10 cents per dozen pieces under paragraph 212 of the Tariff Act of 1930 as decorated china tableware. It is claimed that the merchandise is entitled to free entry under paragraph 1811 as artistic antiquities produced prior to the year 1830. In his memorandum in connection with the protest, the collector states that he was unable

to allow free entry under paragraph 1811 because of the importer's failure to file the papers required by section 10.53 of the Customs Regulations of 1943.

The pertinent provisions of the tariff act and of the customs regulations are as follows:

PAR. 1811. Works of art * * * artistic antiquities * * * which shall have been produced prior to the year 1830, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe. * * *

PAR. 212. China, * * * painted, colored, tinted, stained, enameled, gilded, printed, or ornamented or decorated in any manner, * * * not specially provided for, 70 per centum ad valorem. In addition to the foregoing there shall be paid a duty of 10 cents per dozen separate pieces on all tableware, kitchenware, and table and kitchen utensils.

10.53 Artistic antiquities.—(a) Regardless of the value of the articles, the invoice filed in connection with the entry of artistic antiquities and other articles provided for in paragraph 1811, Tariff Act of 1930, shall contain a declaration by the actual foreign vendor if the merchandise is shipped in pursuance of a purchase or agreement to purchase, or by the foreign owner if the merchandise is shipped otherwise than in pursuance of a purchase or agreement to purchase, showing the name and address of the person from whom the articles were acquired by him, the date when so acquired, and, if possible, the place and approximate date of production. A declaration executed on the invoice by an agent competent to declare the value of facts of the invoice may be accepted as a sufficient compliance with this regulation. The declaration may be waived by the collector in any case in which he is satisfied that failure to produce it is not due to any lack of diligence or good faith on the part of the importer and that the information is not required for any purpose in connection with the classification and appraisement of the articles, provided the affidavit of the owner in this country or of the person in this country importing otherwise than in pursuance of a purchase or agreement to purchase, required by paragraph (b) of this section, is supplemented by a sworn statement of such owner or person, giving all the facts within his knowledge tending to show how long the articles have been in existence and where they were produced.

(b) An affidavit, on customs Form 3343, of the owner in this country or of the person in this country importing otherwise than in pursuance of a purchase or agreement to purchase shall also be filed in connection with the entry. * * *

\* \* \* \* \* \* \* .

(f) A claim for the free entry of an article under paragraph 1811 on the basis of antiquity may be made on the entry or by amendment thereto at any time prior to liquidation of the entry, provided the article has not been released from customs custody.

It appears from the official papers that the entry herein was filed on July 3, 1946, and was liquidated on June 17, 1948, and that the protest was filed on August 11, 1948. At the trial William Serra, customs broker's clerk employed by Davies, Turner & Co., testified that he checked the entry herein before it was typed and followed up any missing documents. He stated that he presented certain papers (plaintiff's collective exhibit 1) to the Missing Documents Section on May 30, 1949, and was instructed to turn them over to the

Protest Section. The papers contained in plaintiff's collective exhibit 1 consist of an affidavit of Philip Colleck, dated May 2, 1949, on customs Form 3343, declaring that he has investigated the origin and history of the articles and believes them to have been produced prior to 1830, and another affidavit of said Philip Colleck, dated May 13, 1949, stating that the information contained in the invoice is all that is available and requesting that any further requirement be waived and the bond be cancelled. Counsel for the plaintiff stated that these documents were offered only for the purpose of proving attempted compliance with the regulations.

Philip Colleck, called as a witness for the plaintiff, testified that he has been engaged in the business of buying and selling antiques for 10 years; that he received his experience by actual trading and research, visits to museums, study of dealers' goods, and reading books; that he delivered a lecture on antiques at the College of the City of New York on October 7, 1949; that he purchased the imported merchandise from Geo. L. Ashworth in England in 1946; that in his opinion it was produced prior to 1830 and was artistic; that the basis of his opinion was that the paste or body of the china was such that it had to be produced prior to 1830; and that the decoration was a design of that period.

It appears from notations on the summary sheet attached to the invoice that the merchandise was examined on August 9, 1946, and released on August 14, 1946. The following appears in red ink under the column headed "REMARKS":

F. O. O.
Par. 1811 applies

No consular invoice was filed but the *pro forma* invoice contains the names and addresses of the shipper and the consignee and describes the merchandise as follows:

One (1) Cask Antique China Dinner Set, Incomplete—
Produced in England Circa—1810—Purchased
from Geo. L. Ashworth & Bros. Ltd. May, 1946

There is stamped upon the *pro forma* invoice the words "Artistic Antiquities, prior to 1830 F. O. O. Par. 1811." This is followed by a notation in red ink "or 52 pcs Dec China Tableware 70/10¢ dz P 212 J. G. 5/3/48."

The following notation is found upon the entry:

Liquidator:
Bond period expired. Antique Inf. & Owner's
Antique Oath not furnished. Liquidate.
        D. Earle Apr 14 1948

In a memorandum to accompany invoice, dated April 19, 1948, the following is noted:

Appr.

Please report description of mdse for the assessment of duty. Proper papers not furnished for free entry.

> Liq. #69
>> Boyle

The reply states:

Coll:

> Please note compliance
>> JG
>> 5/3/48

From these notations it is apparent that the examiner advisorily classified the merchandise as artistic antiquities free of duty under paragraph 1811; that a bond was filed for the production of the required documents; that the papers were not furnished before the expiration date of the bond; and that the merchandise was then classified as decorated chinaware under paragraph 212.

Paragraph 1811 provides that the free importation of artistic antiquities shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe. It is the rule that where, as here, an exemption from or a reduced rate of duty is claimed under a special provision of a statute which is granted subject to regulations that may be prescribed by the Secretary of the Treasury, compliance with such regulations is a condition precedent to the right accorded, unless it appears that such regulations are unreasonable or are not in harmony with the statute. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T. D. 32386; *United States* v. *Ricard-Brewster Oil Co.*, 29 C. C. P. A. 192, C. A. D. 191; *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. 112, C. A. D. 351. When the validity of a decision made by the collector pursuant to a mandatory regulation is challenged by protest, plaintiff has the burden of proving compliance with the regulation or establishing that it is unreasonable or contrary to the statute. *United States* v. *Browne Vintners Co., Inc., supra; United States* v. *McGraw Wool Co.*, 19 C. C. P. A. 205, T. D. 45296.

Section 10.53 (a) of the Customs Regulations of 1943 provides that the invoice shall contain a declaration of the foreign vendor showing the name and address of the person from whom the articles were acquired by him, the date when acquired, and the place and approximate date of production. Concededly, this regulation was not complied with, but plaintiff claims that it is unreasonable and invalid because the regulation also provides that the declaration may be waived by the collector in any case in which he is satisfied there is no lack of diligence or good faith and the information is not required for any purpose in connection with the classification and appraisement of the merchandise, provided the affidavit described in subsection (b) is

supplemented by a sworn statement by the owner, giving all facts within his knowledge tending to show how long the articles have been in existence and where they were produced. It is claimed that this regulation results in an unequal application of the law and is therefore invalid.

A similar argument was made in *W. C. Hardesty Co., Inc.* v. *United States*, 20 Cust. Ct. 115, C. D. 1092, reversed in *United States* v. *W. C. Hardesty Co., Inc.*, 36 C. C. P. A. 47, C. A. D. 396. That case involved regulations prescribed by the Secretary of the Treasury under section 313 (i) of the Tariff Act of 1930 with respect to the giving of notice of intent to export with benefit of drawback. Section 22.7 of the Customs Regulations of 1943 provided that notice of intent to export should be filed with the collector at least 6 hours and not more than 90 days before lading the merchandise; that a copy should be delivered to the customs officer in charge at the place of lading; that a failure to file with the collector or a failure to deliver to the customs officer should not bar the allowance of drawback if either requirement was complied with and no other act of the exporter resulted in a failure to obtain customs inspection; that if neither requirement was complied with, drawback should be allowed only if specifically authorized by the Bureau. The Customs Court held that the regulation was not mandatory because the requirement of filing notice with the collector or delivering a copy to the officer in charge might be dispensed with in the discretion of the Bureau and thus requirements were placed on some but not all claimants. On appeal the Court of Customs and Patent Appeals reversed and held that the Bureau of Customs was not authorized to grant drawback where no inspection had been had and that the regulations were mandatory.

In the instant case, the regulations provide that the collector may waive the filing of the vendor's declaration, provided a sworn statement of the owner giving all the facts within his knowledge tending to show how long the articles have been in existence and where they were produced is filed. The collector is not authorized to waive the filing of the vendor's declaration where no supplementary affidavit has been filed. The purpose of the regulation is to relieve the importer of the duty of filing a vendor's declaration where that is difficult or impossible and the necessary information has been furnished the collector in another way. The duty of filing the declaration devolves upon all, but may be waived in certain circumstances. We conclude that the regulations are reasonable and therefore mandatory.

See also *Ulpiano Casal* v. *United States*, 24 Cust. Ct. 472, Abstract 54348, involving regulations issued under the provisions of paragraph 1615 of the Tariff Act of 1930, as amended, relative to the exemption from duty of American goods returned. In that case the provision of the regulations requiring the filing of a certificate of the collector at the

port from which the merchandise was exported was not complied with. The court said:

&ast; &ast; &ast; Although it is provided that the collector may waive record evidence of exportation if he is satisfied by the production of other evidence as to the existence of all the facts upon which the entry of the merchandise under paragraph 1615 is dependent, there was no such waiver in the case at bar. Therefore, in view of the mandatory provisions, this court is powerless to grant the relief sought, as the proper filing of such certificate is a condition precedent to recovery.

In the instant case, plaintiff attempted to file the owner's affidavit required by section 10.53 (*b*) and a supplemental affidavit of the owner on May 30, 1949, nearly 3 years after entry, more than 11 months after liquidation, and 9 months after the protest was filed. Section 10.53 (*b*) of the regulations provides that the affidavit of the owner on customs Form 3343 shall be filed "in connection with the entry." Plaintiff claims, however, that this does not mean on the date of entry because such a construction would render meaningless the provisions of subsection (*f*). Subsection (*f*) provides that a claim for free entry may be made on the entry or by amendment thereto at any time prior to liquidation. Of course, if the claim for free entry were made for the first time on an amended entry, the affidavit could not be filed on the date of original entry. However, it is obvious that in such a case the affidavit could be filed with the amended entry. The instant case does not involve an amended entry.

The general rule is that where papers are required to be "produced upon entry" or filed "in connection with the entry," they must be filed on the date of entry. *Bradley Martin, Jr.* v. *United States*, 3 Ct. Cust. Appls. 384, T. D. 32982; *Kronfeld, Saunders & Co.* v. *United States*, 4 Ct. Cust. Appls. 60, T. D. 33308; *Border Brokerage Company et al.* v. *United States*, 36 C. C. P. A. 83, C. A. D. 402.

In *Brummer Gallery, Inc.* v. *United States*, 5 Cust. Ct. 64, C. D. 371, there were involved the provisions of article 450 (*c*), (*d*), and (*l*) of the Customs Regulations of 1931, as amended, which are similar to the provisions of section 10.53 (*a*), (*b*), and (*f*) of the Customs Regulations of 1943. In that case, it appeared that the merchandise was not enumerated or described on the invoices accompanying the entry but was in addition to the merchandise described thereon; that the merchandise was examined at the importer's place of business and released from customs custody prior to receipt by the importer of notice of the excess merchandise; that a 6-month bond was given for the production of the consular invoice and owner's affidavit; that such documents were filed with the collector within the 6-month period. The collector found that the merchandise was not entitled to free entry under paragraph 1811 because the documents were not filed before the goods were released to the importer. It was held that as paragraph 1811 granted to the Secretary of the Treasury authority

to make regulations as to "proof of antiquity," and as article 450 (*l*) exceeded this restriction, it was discretionary only and not mandatory. The court also held that the documents required by article 450 (*c*) and (*d*) were filed "in connection with the entry" and that the regulations had been complied with. The court said (p. 69):

* * * The facts in *Waldhorn Co., Inc.* v. *United States*, 57 Treas. Dec. 1188, Abstract 11677, are similar to those in the case now before the court. In that case antiques in excess of the invoice description were found in the shipment. The collector assessed duty thereon because the importer failed to file the documents required by the regulations for free entry of the merchandise as artistic antiquities under the provisions of the Tariff Act of 1922. The court overruled the importer's claim with the statement that if the importer had been unable to file the documents on entry he might have given a bond for the production thereof within 6 months. * * *

While article 450 of the customs regulations in force at the time of the instant importation makes no provision for the filing of a bond for the production of the required documents relating to the proof of antiquity, there appears to be no provision prohibiting the filing of such a bond. Article 300 of the customs regulations, above quoted, provides that "unless otherwise provided in these regulations, a bond may be given on the appropriate form for the production of any document required which is not available at the time of entry," and such a bond was filed in connection with the entry in this case and the documents were produced by the importer within the period covered by the bond and before liquidation. As articles 450 (*c*) and 450 (*d*) provide merely that the required documents be filed "in connection with the entry," we hold that the plaintiff has complied with the terms of the regulation and that the merchandise herein involved is free of duty under paragraph 1811 of the Tariff Act of 1930. * * *

Section 8.20 of the Customs Regulations of 1943 also provides that "unless otherwise prescribed in these regulations, a bond may be given on the appropriate form for the production of any required document which is not available at the time of entry." In the instant case apparently a bond was given, but the documents were not produced within the period of the bond. In fact, they were not produced until long after liquidation and after the protest had been filed. It cannot be held, therefore, that they were filed "in connection with the entry." The regulations, therefore, have not been complied with.

For the reasons above stated, we hold that the provisions of section 10.53 (*a*) and (*b*) of the Customs Regulations of 1943 are mandatory and, since they have not been complied with, the protest is overruled. Judgment will be rendered accordingly.