Opinion by OLIVER, C. J.    It was stipulated that the items marked "A" consist of kidskin plates similar in all material respects to those the subject of *Kung Chen Fur Corpn.* v. *United States* (29 Cust. Ct. 266, C. D. 1480); that the items marked "D" consist of dogskins the same as those involved in *S. M. Brachman & Co. et al.* v. *United States* (5 Cust. Ct. 153, C. D. 389); and that the items marked "G" consist of goatskins the same as those involved in *United States* v. *Winograd Bros., Inc.* (32 C. C. P. A. 153, C. A. D. 302).    Accepting this stipulation as a statement of fact and following the cited decisions, the claim for free entry under paragraph 1681 was sustained.

FORD, J., concurred.

MOLLISON, J.,    dissented for the reasons set forth in his dissenting opinion in C. D. 1480, *supra*, only insofar as the items marked "A" are concerned.

BEFORE THE SECOND DIVISION, MAY 13, 1953

**No. 57325.**—Einar J. N. Berg and P. W. Bellingall *v.* United States, protest 167105–K (San Francisco).

Opinion by RAO, J.    In accordance with stipulation of counsel that the merchandise consists of cheese knives with handles of hard rubber, solid bone, celluloid, or any pyroxylin, casing, or similar material, the same as those the subject of Abstract 55917, the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, MAY 13, 1953

**No. 57326.**—American Cyanamid & Chemical Corp. et al. *v.* United States, protests 889065–G, etc.    (Boston and New York).

Opinion by EKWALL, J.    When this case was called for trial, it was submitted, and the right to move to reopen or set aside the submission was abandoned. An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protests were overruled.    (T. M. *Duche & Sons* v. *United States*, 39 C. C. P. A. 186, C. A. D. 485, certiorari denied, *T. M. Duche & Sons, Inc.* v. *United States*, 344 U. S. 830, followed.)

**No. 57327.**—Bridges Neumer & Co., Inc., et al. *v.* United States, protests 932312–G, etc.    (New York).

Opinion by EKWALL, J.  When this case was called for trial, it was submitted on the same basis as the submission in Abstract 57282, namely, that the right to move to reopen or to set aside the submission was abandoned.  An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protests were overruled.  (*T. M. Duche & Sons* v. *United States*, 39 C. C. P. A. 186, C. A. D. 485, certiorari denied, *T. M. Duche & Sons, Inc.* v. *United States*, 344 U. S. 830, followed.)

**No. 57328.**—Dodwell & Co., Ltd., et al. *v.* United States, protests 960931–G, etc. (Boston and New York).

Opinion by EKWALL, J.  When this case was called for trial, it was submitted on the same basis as the submission in Abstract 57282, namely, that the right to move to reopen or to set aside the submission was abandoned.  An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protests were overruled.  (*T. M. Duche & Sons* v. *United States*, 39 C. C. P. A. 186, C. A. D. 485, certiorari denied, *T. M. Duche & Sons, Inc.* v. *United States*, 344 U. S. 830, followed.)

**No. 57329.**—Davies, Turner & Co. *v.* United States, protest 196764–K (New York).

Opinion by EKWALL, J.  The collector's memorandum states that there was no compliance with the provisions of section 10.53 (*a*) and (*b*), Customs Regulations of 1943.  The court held that compliance therewith is a condition precedent to the exemption from duty provided in paragraph 1811, *Davies, Turner & Co.* v. *United States* (25 Cust. Ct. 182, C. D. 1283), followed.  An examination of the record failing to disclose evidence sufficient to overcome the presumption of correctness attaching to the collector's classification, the protest was overruled.

**No. 57330.**—Rohner Gehrig & Co., Inc. *v.* United States, protest 197340–K (New York).

Opinion by EKWALL, J.  An examination of the record disclosing that the protest was not filed within the 60-day period after liquidation, as required by section 514, Tariff Act of 1930, the protest was dismissed.

BEFORE THE THIRD DIVISION, MAY 14, 1953

**No. 57331.**—Empire State Chair Co., Inc. *v.* United States, petition 6883–R (New York).

EKWALL, Judge:  This petition is filed under authority of section 489 of the Tariff Act of 1930 (19 U. S. C. § 1489) and seeks to recover additional duties which were assessed on imported merchandise due to the fact that the final appraised value exceeded the value declared on entry.  The merchandise consists of certain