(C. D. 681)

HARVARD UNIVERSITY *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 9, 1942)

W. G. Morse for the plaintiff.

Paul P. Rao, Assistant Attorney General (*Richard F. Weeks* and *Robert C. O'Grady,* special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

CLINE, Judge: This is a suit against the United States in which the plaintiff seeks to recover the duty paid on certain antiques. It is claimed that the articles are free of duty under paragraph 1811 of the Tariff Act of 1930.

It appears from the record that the merchandise was entered on October 3, 1935, under paragraph 1809 of the free list, reading in part as follows:.

Works of art, collections in illustration of the progress of the arts, sciences, * * * antiquities and artistic copies thereof in metal or other material, imported in good faith for exhibition at a fixed place by any State or by any society or institution established for the encouragement of the arts, science, agriculture, or education * * * and not intended for sale nor for any other purpose than herein expressed; but bond shall be given, under such rules and regulations as the Secretary of the Treasury may prescribe, for the payment of lawful duties which may accrue should any of the articles aforesaid be sold, transferred, or used contrary to this provision * * *.

Mr. Eric Schroeder, the curator of the Islamic antiquities at the Fogg Museum, Harvard University, appeared as a witness for the plaintiff. He testified that he purchased all of the articles in Persia and shipped them to Mr. Edward Forbes who is connected with the museum at Harvard University but when they arrived Mr. Forbes was absent and the goods were entered under paragraph 1809 as antiques for permanent exhibition, which was an error; that the articles were bought in part by Mr. Forbes for the benefit of the museum and some had been given by the witness to the museum but there was a remainder, very small in value, which he had kept, in order to keep things which he might wish to exchange against other antiquities; that 4 years after the date of entry the Government discovered that the things were not on permanent exhibition and assessed duties thereon.

The record is clear that the articles are all artistic antiquities produced prior to the year 1830 but counsel for the defendant pointed out at the trial that there was nothing to show that there was a compliance with the regulations for free entry under paragraph 1811. The case was then continued for the purpose of introducing evidence showing that there was a compliance with the customs regulations. When the case was called at the next calendar, Mr. William C. Morse appeared for the plaintiff and offered certain documents. He stated:

We have taken this up through our broker, T. D. Downing, and with the customs office here, and refer to Permanent Exhibition Entry No. 4, of October 4, 1935, and I have here an amended consumption entry in triplicate on Customs 3347, signed by Mr. Morse. I have also a sworn statement in duplicate with reference to the antiquity of the articles. This letter was directed to the Collector of Customs, and was approved by the Deputy Collector, and I ask permission to present them.

No objection to the documents was made by counsel for the defendant but they were not marked as exhibits. However, we will consider them in connection with the case.

The documents consist of a letter, dated November 3, 1941, addressed to the collector of customs by T. D. Downing Co., a customs broker, informing the collector that permanent exhibition entry number 4, dated October 4, 1935, covered merchandise for the account of Mr. Edward W. Forbes and not for the account of Harvard University and that an amended entry in triplicate was inclosed.

The amended entry in triplicate is attached to the letter but it does not bear a number or any evidence of filing in the customhouse. The exhibit contains also an affidavit on Customs Form 3343 sworn to by Edward W. Forbes on October 1, 1941, in which the affiant states that the articles covered by the entry are believed to be artistic antiquities produced prior to the year 1830, an owner's declaration and another affidavit in duplicate sworn to by Edward W. Forbes on October 1, 1941, containing an itemized list of the articles covered by the entry and giving the place and date of production of each article, to the best of his knowledge and belief.

The question involved is whether these documents, filed at this late date, can be considered as a compliance with the regulations which provide in article 450 of the Customs Regulations of 1931, in force at the time of entry of the merchandise, that an affidavit of the owner on Customs Form 3343 shall be filed on entry and also that the invoice shall contain a declaration of the seller or shipper showing the name and address of the person from whom the articles were acquired, the date when acquired, and, if possible, the place and approximate date of production. The invoice does not contain the required information but this latter requirement may be waived by the collector, provided the affidavit of the owner is supplemented by a sworn statement of the owner, giving all the facts within his knowledge tending to show how long the articles have been in existence and where they were produced (T. D. 46622). The regulations were amended on August 8, 1935 (T. D. 47830), so as to permit that a claim for free entry under paragraph 1811 may be made on the entry or by amendment thereto at any time prior to liquidation, provided that the articles have not been released from customs custody. The attempted amendment to the entry in the exhibit does not meet the conditions of this latter amendment to the regulations because the goods were released from customs custody in 1935 and the attempted amendment was not filed prior to liquidation.

The facts in this case are in some respects similar to those in *M. Grieve & Co.* v. *United States*, 65 Treas. Dec. 228, T. D. 46895. In that case certain pictures were entered free of duty as original paintings under paragraph 1807 but were not considered as originals by the collector who assessed duty thereon. The importers filed a protest claiming that the articles were free of duty as artistic antiquities under paragraph 1811, and, at the trial, proved that both the paintings and the frames were produced prior to the year 1830. The court found that there was a failure of compliance with the regulations insofar as the paintings were concerned, and, as to them, the claim for free entry was overruled. But the court found that there was a compliance with the regulations as to the frames and held them to be free of duty under paragraph 1811.

A compliance with the regulations has been held to be a condition precedent to the right of free entry of artistic antiquities. *United States* v. *Bird,* 16 Ct. Cust. Appls. 306, T. D. 42876; *Laurie Importing Co.* v. *United States,* T. D. 44313; *Rosenfield* v. *United States,* 18 C. C. P. A. 146, T. D. 44361; *Hinkle* v. *United States,* 19 C. C. P. A. 125, T. D. 45257.

In the instant case, the documents required by the regulations for free entry under paragraph 1811 were not filed at the time of entry. They are dated about 6 years after the goods were entered and there is no showing that they were filed before the goods were withdrawn from customs custody. The regulations are mandatory, and, when the required documents are not filed at the proper time, the collector is required by law to assess duty on the goods even though they are in fact genuine artistic antiquities. The protest must be and hereby is overruled. Judgment will be entered in favor of the defendant.