(C. D. 1327)

BALFOUR, GUTHRIE & CO., LIMITED *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 15, 1951)

*Lawrence, Tuttle & Harper* (*Carlos M. Teran* of counsel) for the plaintiff.
*David N. Edelstein,* Assistant Attorney General (*Arthur R. Martoccia* and *Richard H. Welsh,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

JOHNSON, Judge: The evidence produced at the trial of this case discloses that this action involves the importation of a certain rotary jar, which is a piece of oil well machinery manufactured by the Baash-Ross Tool Co., and a MacClatchie liner for use in a slush pump used in oil wells, manufactured by MacClatchie Manufacturing Co., both companies being located in the United States. These articles were shipped to the International Petroleum Co., Ltd., in Talara, Peru. The MacClatchie liner was returned for credit. The rotary jar was returned to the United States for repair. However, subsequently it was found that it could not be repaired and it was destroyed. The collector assessed duty upon the articles in question for the reason that the regulations of the Secretary of the Treasury had not been complied with. The deputy collector in charge of the liquidating division at the port of Los Angeles, testifying for the importer, stated that at the time the entry was sent to him for liquidation he was not satisfied that the merchandise was in fact American goods. The reasons given were that there was nothing before him to establish that the MacClatchie Manufacturing Co. had not obtained drawback at the time of exportation upon the liner, and there was an absence of any marks upon the rotary jar to indicate the country of origin.

The articles in question were entered on June 20, 1947, and a 6-month bond was filed for the production of missing documents. However, the bond expired without renewal and without the production of the evidence of outward shipment, nor the affidavit of the importer, under customs Form 3311, as required by the regulations. The entry was liquidated on January 15, 1948. Thereafter, on January 27, 1948, an affidavit, for free entry of returned American products, on customs Form 3311, was filed with the collector, and, on February 3, 1948, the collector received a letter from the customs brokers of plaintiff containing therein evidence of the American origin of both articles and also of the export declaration numbers.

Counsel for both sides stipulated and agreed at the trial that the merchandise was not in fact further advanced in condition and that

there was no record of any application for drawback. It was also agreed that sufficient proof was adduced to establish that the goods in question were of American origin, and the case was submitted on the proposition of whether or not the regulations had been complied with.

Counsel for the plaintiff contends that the single issue in this case is whether the collector of customs may arbitrarily refuse to reliquidate an entry when the affidavit required by customs regulations has been filed after liquidation of the entry, but within the protest period, and within the time allowed for reliquidation by the collector. The Government, on the other hand, contends that plaintiff's failure to file the affidavit, on customs Form 3311, at the time of entry, is fatal to the plaintiff's case, citing *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C. C. P. A. (Customs) 5, T. D. 48976.

In the case cited, the appellate court, referring to the granting of the privilege of allowing the entry of dutiable merchandise without the payment of duty, when such merchandise is of American manufacture, provided that regulations of the Secretary of the Treasury are complied with, stated:

&ast; &ast; &ast; It has long been the sound policy of our Government that when such grants and privileges as those involved here were allowed in customs matters, they were granted only upon the condition that there should be a compliance with regulations to be prescribed by the Secretary of the Treasury. *The party asking the special grant or favor, of course, would be required to make a showing of the essential facts required by the regulation to the collector at the time of entry and not in the way of evidence at some subsequent trial.* [Italics ours.]

Although the mandatory regulations do allow the collector to waive the filing of certain of the required evidence in particular circumstances, there is nothing contained therein which would permit the collector to go so far as to reliquidate an entry when record evidence of the identity of American goods has been subsequently established. See *United States* v. *Saunders et al.*, 6 Ct.˙ Cust. Appls. 86, T. D. 35337.

As has long been held, valid customs regulations, promulgated in pursuance with law, have the force and effect of the law itself, and must be complied with as an act precedent to obtaining any special grant of the privilege to which such regulations relate. See *Maple Leaf Petroleum, Ltd.* case, *supra*.

For the reason that the regulations of the Secretary of the Treasury were not complied with at the time of entry, the protest is overruled and judgment will be entered in favor of the Government.