**No. 57122.**—R. J. Saunders & Co., Inc. *v.* United States, protest 179137–K (New York).

Opinion by JOHNSON, J. It appeared from the testimony that the declaration of the foreign exporter and the affidavit for free entry were duly filed with the entry in accordance with the regulations. However, the certificate of exportation, evidencing the outward shipment of the merchandise, was not filed with the collector before the liquidation of the entry, and, in the absence of such certificate, the collector assessed duty upon the merchandise. The certificate of exportation was forwarded by the collector at the port of Miami, after a protest had been filed and while the case was pending in the court. The collector amended his original reply to the protest and advised that had the certificate of exportation been filed in his office during the collector's review period, the merchandise would have been entitled to free entry under paragraph 1615, *supra*. In view of the collector's concession and following Abstracts 47521, 53676, and 53865, the claim of the plaintiff was sustained.

**No. 57123.**—The Keepnews Co. and Intra-Mar Transport Corp. et al. *v.* United States, protests 176208–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that certain items of the merchandise consist of china figures similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiffs was sustained.

**No. 57124.**—John Wanamaker, Phila. *v.* United States, protest 188790–K (Philadelphia).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that certain items of the merchandise consist of china figures or figurines similar in all material respects to those passed upon in *Wm. S. Pitcairn Corp.* v. *United States* (39 C. C. P. A. 15, C. A. D. 458), the claim of the plaintiff was sustained.