(C. D. 1597)

CHARLES M. WORMSER *v.* UNITED STATES

United States Customs Court, Third Division

(Decided March 18, 1954)

*George Minkin* for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This is a protest against the collector's assessment of duty on a gold medal of Brandenburg at 32½ per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909, as an article, composed wholly or in chief value of gold. It is claimed that the article is entitled to free entry under paragraph 1811 as an artistic antiquity.

It appears that this medal was one of several articles which were entered as gold coins free of duty under paragraph 1655. Subsequently, the appraiser advisorily classified the medal as an antique free of duty under paragraph 1811. The collector rejected this classification on the ground that pursuant to section 10.53 (f), Customs Regulations of 1943, as amended by T. D. 52084, no claim for free entry on the basis of antiquity may be entertained, where, as here, it is made after the merchandise has been examined and released from customs custody.

The pertinent provisions of the tariff act and the customs regulations are as follows:

PAR. 397 [as modified by the General Agreement on Tariffs and Trade, T. D. 51802, and the President's proclamation of May 4, 1948, T. D. 51909]. Articles or wares not specially provided for, whether partly or wholly manufactured:

Composed wholly or in chief value of gold, or plated with gold, or colored with gold lacquer, 32½% ad val.

PAR. 1655. Coins of gold, silver, copper, or other metal. [Free.]

PAR. 1811. Works of art * * * artistic antiquities * * * which shall have been produced prior to the year 1830, but the free importation of such objects shall be subject to such regulations as to proof of antiquity as the Secretary of the Treasury may prescribe. * * * [Free.]

10.53 [Customs Regulations of 1943] **Artistic antiquities.**—(a) Regardless of the value of the articles, the invoice filed in connection with the entry of artistic antiquities and other articles provided for in paragraph 1811, Tariff Act of 1930, shall contain a declaration by the actual foreign vendor if the merchandise is shipped in pursuance of a purchase or agreement to purchase, or by the foreign owner if the merchandise is shipped otherwise than in pursuance of a purchase or agreement to purchase, showing the name and address of the person from whom the articles were acquired by him, the date when so acquired, and, if possible, the place and approximate date of production. * * * The declaration may be waived by the collector in any case in which he is satisfied that failure to produce it is not due to any lack of diligence or good faith on the part of the importer and that the information is not required for any purpose in connection with the classification and appraisement of the articles, provided the affidavit of the owner in this country or of the person in this country importing otherwise than in pursuance of a purchase or agreement to purchase, required by paragraph (b) of this section, is supplemented by a sworn statement of such owner or person, giving all the facts within his knowledge tending to show how long the articles have been in existence and where they were produced.

(b)  An affidavit, on customs Form 3343, of the owner in this country or of the person in this country importing otherwise than in pursuance of a purchase or agreement to purchase shall also be filed in connection with the entry.  * * *

\*      \*      \*      \*      \*      \*      \*

(f)  [as amended by T. D. 52084]  A claim for the free entry of an article under paragraph 1811 on the basis of antiquity may be made on the entry or filed subsequent thereto at any time before the release of the article from customs custody, if the collector is satisfied that it was not imported for sale, or, if imported for sale, at any time before the examination of the article for the purpose of appraisement or classification has begun.  No claim shall be entertained, nor shall evidence as to the antiquity of the article be considered, unless submitted within that time.

When the case was called for trial, it was submitted on an agreed statement of facts.  From that statement and the official papers on file herein, the following facts appear: On or before August 24, 1950, the importer received by mail a package containing certain coins and the medal involved herein.  No invoice was contained in the package and at public stores a *pro forma* invoice was prepared, wherein the medal was described as "Brandenberg. 1730 Medal. George Fredk. Carl. Unc. $45.00."  A similar description is found on the consular invoice filed later.  All of the imported articles were entered as gold coins on the basis of the *pro forma* invoice.

On or about September 14, 1950, the medal was examined by Examiner Pipino and advisorily classified as an antique believed produced prior to 1830, free of duty under paragraph 1811.  Thereafter, on September 24, 1950, the importer, believing that the duty free character of the medal had been established, took delivery thereof.  However, on December 12, 1950, the collector rejected the classification of the medal as an antique under paragraph 1811 because delivery to the importer had already been made, and he requested the appraiser to make an alternative return.  Pursuant to such alternative classification, the collector, on or about February 28, 1951, notified the importer that duty was due under paragraph 397 in the amount of $14.63.  On March 27, 1951, the protest herein was filed.

Thereafter, on May 2, 1951, the importer, who owned the medal at the time of importation, filed a declaration on customs Form 3343 and an affidavit, setting forth that the consensus of opinion was that the medal had been struck in 1730.  The duty was paid on July 20, 1951.

The stipulation of facts also states:

11.  The principal value of the Brandenberg 1730 Medal is as an artistic antiquity that numismatists fancy; and the medal is identifiable and recognizable as such by skilled numismatists.

12.  The character of the medal as such an artistic antiquity was apparent to the appraiser or examiner at the time of his classification and appraisement in August and September of 1950; and he did not need information that might be contained in any declaration of the Importer in connection with the classification

and appraisement of the medal beyond the claim made by the Importer when he identified it on the pro forma invoice as a medal of the year 1730. The medal bore on its face evidence of antiquity, by virtue of the existence thereon of the date, i. e. the year, in which it was struck.

No briefs have been filed by either party; therefore, we are without the views of counsel on the question presented.

The first question we must consider is whether a claim for free entry under paragraph 1811 may be made after the merchandise has been examined and released from customs custody. Section 10.53 (*f*), Customs Regulations of 1943, as amended by T. D. 52084, *supra*, provides that no such claim may be entertained after the release of the article from customs custody, if not imported for sale, or, if imported for sale, after its examination for appraisement or classification has begun. However, this regulation has been held to be directory only, and compliance therewith is not a condition precedent to the importer's right to claim free entry under paragraph 1811. *Rich's, Inc.* v. *United States*, 28 Cust. Ct. 183, C. D. 1407; *Brummer Gallery, Inc.* v. *United States*, 5 Cust. Ct. 64, C. D. 371; *M. Grieve & Co.* v. *United States*, 65 Treas. Dec. 228, T. D. 46895 (adhered to on rehearing, Abstract 29419). On the other hand, regulations issued by the Secretary of the Treasury under the authority of paragraph 1811 as to proof of antiquity are mandatory and compliance therewith is a condition precedent to free entry of the merchandise. *United States* v. *Morris European & American Express Co.*, 3 Ct. Cust. Appls. 146, T. D. 32386; *United States* v. *William A. Bird*, 16 Ct. Cust. Appls. 306, T. D. 42876; *United States* v. *Morris Friedman*, 21 C. C. P. A. (Customs) 496, T. D. 46960.

Under these decisions, the claim herein may properly be considered by the court, but it cannot be sustained unless the mandatory regulations as to proof of antiquity have been complied with. These regulations, section 10.53 (*a*) and section 10.53 (*b*), Customs Regulations of 1943, *supra*, require that the invoice contain a declaration of the foreign vendor or owner giving certain information and that there be filed *in connection with the entry* an affidavit, on customs Form 3343, of the owner or the person importing other than by purchase or agreement to purchase. The filing of the declaration of the foreign vendor or owner may be waived by the collector, under certain circumstances, provided the aforesaid affidavit of the owner or importer is supplemented by a sworn statement of such owner or importer, giving facts tending to show how long the article has been in existence and where it was produced.

In the instant case, the owner executed and filed customs Form 3343 and a supplemental affidavit on or about May 2, 1951, which was long after the date of entry, and, in fact, subsequent to the date of protest. It has been held that where documents are required to

be produced upon entry or filed in connection with the entry, they must be produced or filed on the date of entry, unless a bond is given and they are produced or filed within the period of the bond. *Bradley Martin, Jr.* v. *United States*, 3 Ct. Cust. Appls. 384, T. D. 32982; *Kronfeld, Saunders & Co.* v. *United States*, 4 Ct. Cust. Appls. 60, T. D. 33308; *Brummer Gallery, Inc.* v. *United States, supra*; *Davies, Turner & Co.* v. *United States*, 25 Cust. Ct. 182, C. D. 1283. Since the documents herein were not filed at the time of entry nor was a bond given for their production, it is clear that the regulations have not been complied with and the claim for free entry must be denied.

A fact situation similar to that in the case before us was involved in *M. Grieve & Co.* v. *United States, supra*. There, articles consisting of pictures and frames were entered as original works of art under paragraph 1807, Tariff Act of 1930; the appraiser returned them as artistic antiquities produced prior to 1830, but the collector refused to so classify them because no such claim had been made on entry. The court held that the regulation requiring that such claim be made on entry was directory only and that the claim could be made thereafter by protest. However, the regulations as to proof of antiquity were held mandatory, and free entry under paragraph 1811 as artistic antiquities was allowed only on certain of the frames as to which the owner's affidavit of antiquity had been filed on entry and as to which the invoice contained all the required information. The protest was overruled as to the other items.

In *Harvard University* v. *United States*, 9 Cust. Ct. 158, C. D. 681, certain articles were entered on October 3, 1935, free of duty under paragraph 1809, Tariff Act of 1930, as antiques for permanent exhibition and not for sale. Subsequently, it was found that some of the articles were not on permanent exhibition, and duties were assessed thereon. Since all of the merchandise consisted of artistic antiquities produced prior to 1830, a protest was filed claiming free entry under paragraph 1811. At the trial, an affidavit on customs Form 3343, an owner's declaration, and a supplemental affidavit, all dated October 1, 1941, were introduced in evidence for the purpose of showing compliance with the regulations. It was held, however, that since such documents had not been filed at the time of entry, the mandatory regulations as to proof of antiquity had not been met, and the collector was required by law to assess duty on the goods, even though they were, in fact, genuine artistic antiquities.

See also *Kronfeld, Saunders & Co.* v. *United States, supra*, where, although the regulations were not issued until the merchandise was in transit, compliance therewith was required; *Hudson Forwarding & Shipping Co.* v. *United States*, 63 Treas. Dec. 1419, Abstract 23631, where the owner's affidavit was not filed until after entry; *Davies,*

*Turner & Co.* v. *United States, supra,* where, as here, the documents were not produced until after the protest had been filed.

For the reasons stated, we are constrained to overrule the protest herein. Judgment will be rendered accordingly.