**No. 60035.**—Rice & Co. Corp. v. United States, protest 266094–K (Boston).

JOHNSON, Judge:   This is a protest against the collector's assessment of duty on 33 casks containing onions in brine at 15 per centum ad valorem under paragraph 775 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802.   It is claimed that the casks are of American manufacture and are entitled to free entry under paragraph 1615 of the said tariff act, as amended by the Customs Administrative Act of 1938.

When the case was called for trial, there was no appearance on the part of the plaintiff and counsel for the Government stated:

I have a letter from the plaintiff here, Rice & Co., dated November 14th, 1955 which reads as follows: "Responding to your communication relative to Suit No. 266094–K, Collector's 9823, for a hearing at Boston, on December 13th, 1955, we respectfully inform you that it is not our intention to seek a trial of the involved issue inasmuch as we have submitted with our protest all the evidence or information available on which judgment must stand or fall."   Therefore, the Government moves to submit on the official papers, however, the Government does not admit the truth in any self-serving or hearsay documents. * * *

The case was submitted on the official papers.

Paragraph 1615 of the Tariff Act of 1930, as amended, provides, among other things, that merchandise of American manufacture, exported and returned without having been advanced in value or improved in condition, and containers of merchandise, exported empty and returned as usual containers of merchandise, are entitled to free entry, provided regulations prescribed by the Secretary of the Treasury have been complied with.

The regulations in effect at the time of the importation of the instant merchandise required that there be filed in connection with the entry a declaration of the foreign shipper on consular Form 129, an affidavit of the importer on customs Form 3311, and a certificate, customs Form 4467, of the collector at the port from which the merchandise was exported.   Customs Regulations of 1943, as amended, section 10.1 (a).   It was further provided that the collector might waive record evidence of exportation and the declaration of the foreign shipper, if he were satisfied by the production of other evidence as to the existence of all the facts upon which free entry was dependent.   Customs Regulations of 1943, as amended, section 10.2 (a).

Compliance with these regulations is mandatory and is a condition precedent to obtaining relief, except where compliance is waived.   *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C. C. P. A. (Customs) 5, T. D. 48976.

479

The official papers herein include an affidavit of the foreign shipper on customs Form 129, which was apparently filed with the entry, and a certificate of exportation, customs Form 4467, which was not submitted until the protest was filed. No affidavit of the importer on customs Form 3311 is among the papers. Whether or not it was filed or required by the collector does not appear.

On the back of the entry is a stamped notation to the effect that the bond for the production of the certificate of exportation was canceled on June 25, 1953, and there is a typed direction, signed by the deputy collector, to assess duty because of nonproduction of export evidence. There is a notation on the face of the entry, apparently made at the time of liquidation, stating "No evidence of Amer. origin." The entry was liquidated and duty assessed on October 30, 1953. Protest was filed and the certificate of exportation produced on December 23, 1953. The report of the collector notes that there had been no application for extension of the bonded period.

It appears, therefore, that the certificate of exportation was not filed at the time of entry nor within the bonded period, nor did the collector waive its production. Where documents are required to be produced upon entry or filed in connection with the entry, they must be produced or filed at the date of entry, or, where a bond has been given, within the bonded period. *Charles M. Wormser* v. *United States*, 32 Cust. Ct. 163, C. D. 1597.

Since the certificate of exportation herein was not produced within the bonded period, nor its production waived, we find that the regulations have not been complied with, and the protest must be overruled. *Balfour, Guthrie & Co., Limited* v. *United States*, 26 Cust. Ct. 223, C. D. 1327.

Judgment will be rendered accordingly.