(C. D. 1953)

J. J. Distributing Co.⎫
R. W. Smith ⎬ v. United States
⎭

United States Customs Court, Third Division

(Decided January 3, 1958)

*Stein and Shostak (Philip Stein, Marjorie M. Shostak,* and *Richard M. Kozinn)* for the plaintiffs.

*George Cochran Doub,* Assistant Attorney General (*William J. Vitale, Mollie Strum, Richard H. Welsh,* and *Alfred A. Taylor, Jr.,* trial attorneys), for the defendant.

Before JOHNSON and DONLON, Judges

JOHNSON, Judge: The merchandise involved in these cases, consolidated during the course of the trial, consists of saccharin, imported from Mexico, and entered at the port of Houston in October 1946. It was assessed with duty by the collector at 45 per centum ad valorem and 7 cents per pound under paragraph 28 of the Tariff Act of 1930. Plaintiffs claim that it is entitled to entry free of duty under paragraph 1615 of said tariff act, as amended by the Customs Administrative Act of 1938, as American goods returned.

According to the collector's reports, the claim of free entry was denied on liquidation of each entry because neither the "Affidavit for Free Entry of American Goods Returned" on customs Form 3311 nor the "Certificate of Exportation" on customs Form 4467 had been filed at the time of liquidation. In addition, it was noted in the report as to protest No. 137200–K (A) that said protest was signed "J. J. Distributing Co. by R. W. Smith," but that said R. W. Smith did not have a power of attorney on file with the collector.

At a hearing on protest No. 137200–K (A) at Houston on March 20, 1950, John W. Williams, a partner in J. J. Distributing Co. at the time of entry, testified that R. W. Smith, customhouse broker, had authority at that time to sign protests on behalf of J. J. Distributing Co.

Mr. Williams also testified that he saw the merchandise in its original containers and that it was marked "Monsanto Chemical, St. Louis." An appraiser's memorandum, dated January 1, 1947, also states that the merchandise was so marked.

When the case came before the court for hearing on January 27, 1955, it appeared that the entry papers were missing from the court jacket in protest No. 137200–K (A). After investigation, it was disclosed that they had been inadvertently destroyed because a duplicate protest had been filed and abandoned. At a hearing on January 31, 1956, carbon copies of the entry and *pro forma* invoice from the files of the customs broker were received in evidence as plaintiffs' collective exhibit 1.

R. W. Smith testified at the hearing in 1955 that he handled the entries involved in these cases. On direct examination, he stated, with reference to protest No. 137199–K, that, to the best of his knowledge and recollection, customs Form 3311 was filed with the entry. However, this testimony was modified on cross-examination when the witness was confronted with customs Form 5101, "Entry Record Receipt Missing Documents" (defendant's exhibit A). There appears on this form on the line covering missing documents the typewritten words "consular invoice" and the figures in ink "3311" and "4467." The witness admitted that this document was signed by him and stated:

> * * * This appears to be my own handwriting, "3311" and "4467," so I must have been called to the customhouse to add that. It's signed in different ink than where I signed the missing document record. So I take it that I signed with a pen over in the customhouse.

> MR. STEIN: When was that put on?

> THE WITNESS: I assume on October 3, 1946, the date of entry.

> *　　*　　*　　*　　*　　*　　*

> MR. STEIN: Why would it be put on there the date you filed one with the entry?

> THE WITNESS: We filed one charging my bond only as to the production of the consular invoice. Entry was refused passage by the deputy collector until I came over to the customhouse and added these numbers of the other two missing documents. I am sure that is what happened now that I see this.

On redirect examination, Mr. Smith testified:

> R. Q. Mr. Smith, you say that Form 3311 was attached to the entry or sent in when the entry was filed, is that correct?—A. I thought so. Now I don't think so. This little document changes that idea entirely.

> R. Q. What do you think happened?—A. I think we failed to note those other two missing documents on the back of the entry at the time of preparation.

> R. Q. Did you submit them before; did you submit Form 3311 before the so-called duplicate to which you referred?—A. I would have to see my own file, which I believe you have. This isn't a positive record, but it may answer that question. Apparently not.

> *　　*　　*　　*　　*　　*　　*

> THE WITNESS: * * * According to my recollection and belief we did file at some subsequent date to the date of entry a 3311. I have no record of the date of so filing. I don't have a receipt for it.

The witness testified further that, on November 15, 1947 [after liquidation], the deputy collector advised him that customs Form 3311 was not on file. A new form was then submitted with a letter asking that it be accepted in lieu of one that must have been lost. The second form, on file with the papers, is receipted as of November 26, 1947.

Mr. Smith pointed out that the only missing document indicated on the original entry was the consular invoice; that it was subsequently filed but that reference to it was not deleted from customs

Form 5101. He stated that while it was customary to cross out the numbers of missing documents on customs Form 5101, when they were filed, many times it was not done.

As to protest No. 137200–K (A), the witness testified that, to the best of his recollection, customs Form 3311 was submitted some time after entry, but he had no record of it.

George L. C. Pratt, assistant collector at the ports of Houston and Galveston, testified that duty was assessed on this merchandise because he did not feel he could waive the submission of customs Form 3311, which he believed was mandatory. In view of the return made by the examiner, he would have waived the filing of customs Form 4467 in both these entries.

Mr. Pratt stated that he was satisfied that customs Form 3311 had not been filed before liquidation; that, had it been filed subsequent to entry, it should have been crossed off customs Form 5101; that the consular invoice was not crossed off, because it was not filed within the 6-month period, and liquidated damages were assessed. The witness recalled Mr. Smith's coming to the customhouse with customs Form 3311 after liquidation asking that it be accepted, on the ground that he must have presented that document at the time of entry. Mr. Pratt said there had been no reference in the conversation to the production of any document between the filing of the entry and the presentation of the duplicate.

Paragraph 1615 of the Tariff Act of 1930, as amended, provides for free entry for articles, the growth, produce, or manufacture of the United States, when returned without having been advanced in value or improved in condition while abroad, provided no drawback has been allowed and "subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe." The regulations in effect at the time of these importations provided that there be filed in connection with the entry (1) a declaration of the foreign shipper on consular Form 129, (2) an affidavit of the owner, importer, consignee, or agent on customs Form 3311, and (3) a certificate of exportation on customs Form 4467. Customs Regulations of 1943, as amended, section 10.1 (a). The regulations provide further:

(b) If, in any case where the appraising officer's report does not show definitely that merchandise the value of which exceeds $100 is of domestic origin, the affidavit on customs Form 3311 has not been signed by the owner or ultimate consignee, the collector may require the affidavit to be executed on such form by the owner or ultimate consignee. Such affidavit shall be filed within 3 months after the date of the demand therefor upon the person in whose name the entry was filed. * * * In the case of articles which are unquestionably the growth, produce, or manufacture of the United States and which have not been advanced in value or improved in condition, if the collector is satisfied from the character thereof or otherwise that they are free of duty under paragraph 1615, Tariff Act of 1930, as amended, and if the total value of the articles of American origin

contained in the shipment does not exceed $10, no affidavit on customs Form 3311 shall be required therefor.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

**10.2 Waiver of evidence.**—(a) The collector may waive record evidence of exportation and the declaration of the foreign shipper on consular Form 129 provided for in section 10.1 (a) (1) if he is satisfied by the production of other evidence as to the existence of all the facts upon which the entry of the merchandise under paragraph 1615, Tariff Act of 1930, as amended, is dependent. \* \* \*

In view of Mr. Pratt's testimony that the reason the claim for free entry was rejected was the failure to file customs Form 3311 prior to liquidation and that the filing of customs Form 4467 would have been waived, the only questions before us are whether the evidence shows that customs Form 3311 was filed prior to liquidation, and, if not, whether the subsequent filing thereof is a sufficient compliance with the regulations to permit free entry of the merchandise.

After careful consideration of the record presented, we conclude that it has not been established that customs Form 3311 was filed together with either entry involved herein or at any time prior to liquidation. The issue is thus confined to the effect of the filing of said forms after liquidation but prior to the expiration of the 60-day period during which a protest may be filed.

Since the exemption granted by paragraph 1615, as amended, is specifically subject to regulations prescribed by the Secretary of the Treasury, such regulations are mandatory and compliance is a condition precedent to recovery. *United States* v. *Browne Vintners Co., Inc.*, 34 C. C. P. A. (Customs) 112, C. A. D. 351; *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C. C. P. A. (Customs) 5, T. D. 48976.

In the case last cited, free entry as American goods returned was denied, since none of the documents required by the regulations had been filed. The court said (p. 8):

Appellant's argument to the effect that the collector knew all the facts, and that for this reason the establishment of the identity of the merchandise exported and imported in accordance with the regulations was therefore unimportant, is devoid of merit. It has long been the sound policy of our Government that when such grants and privileges as those involved here were allowed in customs matters, they were granted only upon the condition that there should be a compliance with regulations to be prescribed by the Secretary of the Treasury. The party asking the special grant or favor, of course, would be required to make a showing of the essential facts required by the regulation to the collector at the time of entry and not in the way of evidence at some subsequent trial.

The regulations themselves provide an exception to the requirement that certain documents be filed in connection with the entry, namely, where the collector is satisfied as to the existence of all the facts upon which free entry under paragraph 1615 is dependent, he may waive production of the certificate of exportation and the declaration of the foreign shipper. Such waiver may be made after liquidation

and the filing of a protest. *Traders Service Corporation* v. *United States*, 9 Cust. Ct. 407, Abstract 47521; *Sam Forwand Co.* v. *United States*, 23 Cust. Ct. 196, Abstract 53676; *Transcontinental & Western Air, Inc.* v. *United States*, 24 Cust. Ct. 325, Abstract 53865; *R. J. Saunders & Co., Inc.* v. *United States*, 30 Cust. Ct. 369, Abstract 57122; *International Expediters, Inc.* v. *United States*, 30 Cust. Ct. 352, Abstract 57104. However, where the certificate of exportation is not filed at the time of entry nor within the period of a bond given for its submission, and the collector does not waive its production, a protest claiming free entry as American goods returned will be overruled. *Rice & Co. Corp.* v. *United States*, 36 Cust. Ct. 478, Abstract 60035.

The effect of the failure to file customs Form 3311 before liquidation was considered by this court in *Balfour, Guthrie & Co., Limited* v. *United States*, 26 Cust. Ct. 223, C. D. 1327. There, the collector received, after liquidation, customs Form 3311 and a letter containing evidence of the American origin of the articles. It was stipulated at the trial that the merchandise had not been advanced in condition and that there was no record of any application for drawback. The plaintiff contended that the single issue was whether the collector might arbitrarily refuse to reliquidate when the affidavit required by the regulations had been filed after liquidation but within the protest period. The court overruled the protest on the ground that the regulations had not been complied with at the time of entry, stating (p. 225):

> Although the mandatory regulations do allow the collector to waive the filing of certain of the required evidence in particular circumstances, there is nothing contained therein which would permit the collector to go so far as to reliquidate an entry when record evidence of the identity of American goods has been subsequently established. See *United States* v. *Saunders et al.*, 6 Ct. Cust. Appls. 86, T. D. 35337.

In *United States* v. *Saunders et al.*, *supra*, the Board of General Appraisers had held that the filing of the owner's declaration within a reasonable time after entry was substantial compliance with the regulations, but the appellate court reversed, stating (pp. 88–89):

> Article 570 requires the filing of the declaration by the foreign exporter with the entry, and it equally requires the filing therewith of the oath or declaration of the owner, importer, consignee, or agent. The purpose is obvious, as the form of the oath prescribed discloses—that is, to furnish the knowledge and belief of the owner, importer, consignee, or agent that the goods were exported and imported as stated in the entry annexed thereto and returned without having been advanced in value or improved in condition, and that no drawback, bounty, or allowance has been paid or admitted thereon.
>
> No authority is given to the collector to waive the filing of such oath or declaration with the entry, and the fact that such authority is expressly given with reference to the filing of the foreign exporter's declaration raises an inference that it was withheld as to the oath or declaration of the owner, importer, consignee, or agent.

This reasoning applies to the regulations involved herein, which permit the collector to waive production of the certificate of exportation and the foreign shipper's declaration, but do not so provide as to the affidavit of the owner, importer, consignee, or agent. The importance of this affidavit is emphasized by the fact that it is provided in section 10.1 (b) that, where the appraiser's report does not show definitely that merchandise valued at over $100 is of domestic origin, and the affidavit is not signed by the owner or ultimate consignee, the collector may require execution by said owner or ultimate consignee [in addition to that of the importer or agent]. The affidavit is not required only where the total value of the articles of American origin in the shipment does not exceed $10.

A further reason for distinguishing between the affidavit on customs Form 3311, and the certificate of exportation and the declaration of the foreign shipper, is that the production of the former is clearly within the power of the importer, whereas, in some circumstances, it might be difficult or impossible to produce the latter.

In view of the decisions cited, we hold that the filing of customs Form 3311 after entry and subsequent to liquidation does not constitute compliance with the regulations prescribed by the Secretary of the Treasury pursuant to the authority given him under paragraph 1615, as amended. Accordingly, the merchandise involved herein is not entitled to free entry under said paragraph. The protests are overruled, and judgment will be rendered for the defendant.