No. 61592.—J. E. Bernard & Company, Inc. *v.* United States, protests 256055–K/6860 and 262415–K/7169 (Chicago).

JOHNSON, Judge: The merchandise involved in these cases, consolidated at the trial, consists of face plates on which certain camera parts were mounted. It was assessed with duty at 20 per centum ad valorem under paragraph 1551 of the Tariff Act of 1930 as camera parts and is claimed to be free of duty under para-

graph 1615 of said tariff act, as amended by the Customs Administrative Act of 1938, as American goods returned.

When this case was called for trial, it was submitted on the following stipulation of counsel:

MR. SCHWARTZ: The merchandise consists of certain camera face plates assessed at 20 per cent under paragraph 1551, and claimed to be free of duty as American goods returned under paragraph 1615.

It is stipulated between counsel that the items described on the invoices as face plates are of American manufacture; that they were assessed with duty because Customs Form 4311 [sic] was not filed at the time of entry; that the Customs form has now been filed; that if it had been filed at the time of entry, the merchandise would have been classified free of duty under paragraph 1615; that the importer has now complied with the pertinent Customs regulations except the filing of the Certificate of Outward Exportation, which the Collector has waived, because the goods were exported from the port of Chicago.

MR. O'NEILL: After conferring with both the Appraiser and the Collector, the Government so concedes or agrees.

Paragraph 1615 of the Tariff Act of 1930, as amended, provides for free entry for articles, the growth, produce, or manufacture of the United States, when returned without having been advanced in value or improved in condition while abroad, provided the regulations prescribed by the Secretary of the Treasury have been complied with. The regulations in effect at the time of these entries (customs regulations, as amended, sections 10.1 and 10.2) provide that there be filed in connection with the entry of articles claimed to be free of duty under paragraph 1615, as amended, a declaration of the foreign shipper on foreign service Form 129, a declaration of the owner, importer, consignee, or agent on customs Form 3311, and a certificate on customs Form 4467, except that the latter is not required where the articles are unquestionably products of the United States, not advanced in value or improved in condition, and the collector is satisfied that no drawback was allowed when the goods were exported from the United States. It is further provided that the collector may waive the filing of the declaration on foreign service Form 129, if he is satisfied as to the existence of all facts upon which entry under paragraph 1615, as amended, depends. It is well settled that free entry under this paragraph is a privilege and that all the requirements of the regulations must be met, unless compliance is waived by the collector or is impossible. *Maple Leaf Petroleum, Ltd.* v. *United States*, 25 C. C. P. A. (Customs) 5, T. D. 48976; *Mine Safety Appliances Company* v. *United States*, 36 Cust. Ct. 277, C. D. 1786, and cases cited.

In the instant case, it has been stipulated that customs Form "4311" was not filed at the time of entry but that the importer has "now" complied with the regulations, except as to the filing of the certificate of exportation which has been waived. Evidently, customs Form 3311 was not filed until after entry. Such filing does not constitute a compliance with the mandatory regulations prescribed by the Secretary of the Treasury, and the filing of this form in connection with the entry cannot be waived by the collector. *United States* v. *Saunders et al.*, 6 Ct. Cust. Appls. 86, T. D. 35337; *Balfour, Guthrie & Co., Limited* v. *United States*, 26 Cust. Ct. 223, C. D. 1327; *J. J. Distributing Co. et al.* v. *United States*, 40 Cust. Ct. 27, C. D. 1953.

Since the mandatory regulations have not been complied with, the protests are overruled. Judgment will be rendered accordingly.