BEFORE THE THIRD DIVISION

MAY 8, 1958

**No. 61913.**—Christian Dior, N. Y., Inc. *v.* United States, protest 233907–K (New York).—

JOHNSON, Judge: This is a motion for a rehearing for the purpose of a reconsideration of our decision and judgment in *Christian Dior, N. Y., Inc.* v. *United States*, 40 Cust. Ct. 460, Abstract 61591.

The case involves a claim for free entry under paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, as American goods returned. It was originally submitted upon a stipulation stating, among other things, that duties were imposed in liquidation because of the failure of the importer to comply with the customs regulations then in effect; that the importer has now complied with the regulations by the filing of consular invoice Form 129 and customs Form 3311; and that the collector waived the filing of customs Form 4467. We held that the filing of customs Form 3311 after entry and subsequent to liquidation did not constitute compliance with the regulations, citing *United States* v. *Saunders et al.*, 6 Ct. Cust. Appls. 86, T. D. 35337; *Balfour, Guthrie & Co., Limited* v. *United States*, 26 Cust. Ct. 223, C. D. 1327; *J. J. Distributing Co. et al.* v. *United States*, 40 Cust. Ct. 27, C. D. 1953. The protest was, therefore, overruled.

Plaintiff is now asking for a rehearing on the ground that customs Form 3311 was filed "in connection with the entry," within the meaning of the applicable customs regulations. Section 10.1 of the Customs Regulations of 1943, as amended, which applies specifically to merchandise claimed to be free of duty under paragraph 1615 of the Tariff Act of 1930, as amended, provides that certain documents, including customs Form 3311, shall be filed "in connection with the entry." This phrase, as used in another regulation, has been construed to mean on the date of entry. *Border Brokerage Company et al.* v. *United States*, 36 C. C. P. A. (Customs) 83, 87, C. A. D. 402, and cases cited. In general, it has been held that where documents are required to be produced on entry, or filed in connection with the entry, they must be produced or filed on the date of entry, unless a bond is given and they are produced or filed within the period of the

bond. *Charles M. Wormser* v. *United States*, 32 Cust. Ct. 163, C. D. 1597, and cases cited; *Rice & Co. Corp.* v. *United States*, 36 Cust. Ct. 478, Abstract 60035. In the case last cited, which involved American goods returned, the certificate of exportation on customs Form 4467 was not produced within the bonded period, there had been no application for an extension of bond, and the certificate was not submitted until the protest was filed. The collector liquidated, assessing duty, and the protest was overruled, since the certificate was not produced within the bonded period.

Plaintiff relies upon section 25.18 (*c*) of the Customs Regulations of 1943, as amended, which reads as follows:

(*c*) * * * However, when a bond or stipulation is given for the production of any free-entry or reduced-duty document and a satisfactory document is not produced within the prescribed time but is produced prior to liquidation of the entry or within the period during which a valid reliquidation may be completed, it shall be accepted as satisfying the requirement that it be filed in connection with the entry, and the bond charge for its production shall be canceled.

Plaintiff claims that "the period during which a valid reliquidation may be completed" has not expired in the instant case, but has been suspended by the pendency of the protest; that, after the protest is determined, the collector will have 20 days within which to reliquidate; and that, therefore, the importer could still, if it had not already done so, file customs Form 3311 and that it would be filed "in connection with the entry" under the above-quoted regulation.

This regulation is a part of a section permitting the collector to extend the bonded period during which documents may be produced. In the case of free-entry or reduced-duty documents, it directs the collector to accept them, even after the bonded period has expired. Obviously, a reasonable period for this was contemplated, namely, either prior to liquidation or within the period thereafter when the collector might reliquidate on his own authority on the basis of the information in the documents. Customs Form 3311 is an affidavit of the owner, importer, consignee, or agent, stating the facts on which the claim for free entry as American goods returned is based. After a protest has been filed making that claim and the collector's period for acting on it has expired, the jurisdiction of the court attaches, and the collector no longer has authority to reliquidate on the basis of that claim. Therefore, the only reasonable interpretation of the words "the period during which a valid reliquidation may be completed" is the period prior to the attachment of the jurisdiction of this court, when the collector might have, but did not, reliquidate the entry and allow the claim. Even this construction results in a broad exception to the unqualified phrase "in connection with the entry" in section 10.1.

In the instant case, moreover, it is not clear that section 25.18 (*c*), *supra*, is pertinent, since there is nothing to indicate that a bond was ever given for the production of customs Form 3311. Section 25.18 (*c*) applies only where such a bond or stipulation has been given.

For the reasons stated, plaintiff's motion for a rehearing is denied.