(C.D. 2076)

INDIANAPOLIS MACHINERY & EXPORT CO., INC. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 13, 1959)

*Eugene R. Pickrell* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges

JOHNSON, Judge: This is a protest against the collector's assessment of duty on the full value of a lathe, imported from Italy on July 13, 1956, at 15 per centum ad valorem under paragraph 372 of

the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802. It is claimed that duty should have been assessed at the appropriate rate on the value of the repairs only under paragraph 1615(g) of said tariff act, as amended.

Counsel have submitted this case on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the Plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that the merchandise involved in the above protest is one Model L–230 Lathe, Serial No. 2113, exported from the United States on April 9, 1955 for repairs, that application to export under customs supervision was filed with the Collector of Customs on Customs Form 4455 on March 30, 1955 and was granted; that the merchandise now before the Court is the same as that exported under customs supervision; that duty on the entire value of the lathe plus cost of repairs was assessed instead of on the value of the repairs only because of failure to file a shipper's affidavit of repairs as required by section 10.8 of the Customs Regulations; and that said affidavit is now on file with the Collector.

IT IS FURTHER STIPULATED AND AGREED that had the shipper's affidavit of repairs been timely filed, duty would have been assessed only on the value of the repairs instead of on the value of the entire lathe plus cost of repairs.

IT IS FURTHER STIPULATED AND AGREED that said lathe was not in a bonded warehouse prior to exportation for repairs and had not been in continuous customs custody; that no benefit of drawback was claimed or granted by reason of the exportation; and that said lathe was not exported for any purpose except for repairs.

IT IS FURTHER STIPULATED AND AGREED that Customs form 4455, referred to above, the shipper's affidavit of repairs, the entry and all other papers included in the Court's jacket on this protest be admitted in evidence as Plaintiff's Collective Exhibit 1.

The pertinent provisions of paragraph 1615 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 and the Customs Simplification Act of 1954, provide:

(g)(1)   Any article exported from the United States for repairs or alterations may be returned upon the payment of a duty upon the value of the repairs or alterations at the rate or rates which would apply to the article itself in its repaired or altered condition if not within the purview of this subparagraph (g).

\*        \*        \*        \*        \*        \*        \*

(h)   The allowance of total or partial exemption from duty under any provision of this paragraph shall be subject to such regulations as to proof of identity and compliance with the conditions of this paragraph as the Secretary of the Treasury may prescribe.

Pursuant to the authority granted by the statute, regulations have been issued from time to time by the Secretary of the Treasury. The regulations applicable in the instant case (section 10.8, Customs Regulations) set out certain registration requirements to be met in connection with articles exported for repairs and provide further:

(i)   There shall be filed *in connection with an entry* covering articles entered under the provisions of paragraph 1615(g) (1) or (2), Tariff Act of 1930, as

amended, where the value of the repairs, alterations, or processing performed exceeds $500, a statement of the person who performed such repairs, alterations, or processing in substantially the following form: [Italics supplied.]

[The form includes a place for the description of the repairs, alterations, or processing, and the cost thereof.]

\* \* \* \* \* \* \*

(1) In any case where an imported article was exported for repairs, alterations, or processing without compliance with the registration requirements of this section, the collector may waive such evidence if he is satisfied that the returned merchandise is entitled to entry under paragraph 1615(g) (1) or (2) and that the failure to comply with the registration requirements was due to inadvertence, mistake, or inexperience, and not to negligence or bad faith.

These regulations are mandatory and compliance therewith is a condition precedent to entry upon payment of duty on the repairs only. *H. F. Keeler* v. *United States*, 45 C.C.P.A. (Customs) 67, C.A.D. 675, *Page & Jones* v. *United States*, 26 C.C.P.A. (Customs) 124, C.A.D. 5.

According to the stipulated facts, duty was assessed on the entire value of the merchandise involved herein because of failure to file a shipper's affidavit of repairs as required by the regulations. It is apparently claimed that the subsequent filing thereof is sufficient compliance.

The entry was liquidated on April 18, 1957, and the protest filed value of the repairs as $1,618. On the back of the entry, there is type-written under the heading "MISSING DOCUMENTS":

BOND FOR SHIPPERS AFFIDAVIT OF REPAIR

This has been crossed out in ink with a notation thereafter "not furnished."

The entry was liquidated on April 18, 1957, and the protest filed on April 29, 1957. A collector's memorandum, dated July 18, 1957, states:

Importer has failed to comply with C.R. governing registered mdse. entered under P. 1615(g).

The statement of the shipper, included in plaintiff's collective exhibit 1, is dated September 29, 1958.

It thus appears that the said shipper's statement was not filed at the time of entry, but after the bonded period had expired, subsequent to liquidation, and after the period during which the collector might reliquidate had elapsed. Even if the collector had authority to waive compliance with the regulations (which is doubtful, in view of section 10.8(1), *supra*, which refers only to registration requirements), he did not do so.

The general rule is that a requirement in customs regulations that a document be filed with the entry or in connection with the entry means at the time the entry paper is filed. *McBride* v. *United States*,

1 Ct. Cust. Appls. 293, T.D. 31354; *Kronfeld, Saunders & Co.* v. *United States*, 4 Ct. Cust. Appls. 60, T.D. 33308; *Border Brokerage Company et al.* v. *United States*, 36 C.C.P.A. (Customs) 83, C.A.D. 402. The filing of the document after the expiration of a bond given for its production or after liquidation or after the filing of a protest has been held not to constitute compliance with the regulations. *Balfour, Guthrie & Co., Limited* v. *United States*, 26 Cust. Ct. 223, C.D. 1327; *Charles M. Wormser* v. *United States*, 32 Cust. Ct. 163, C.D. 1597; *Rice & Co. Corp.* v. *United States*, 36 Cust. Ct. 478, Abstract 60035; *J. J. Distributing Co. et al.* v. *United States*, 40 Cust. Ct. 27, C.D. 1953.

In a recent case, *Christian Dior, N.Y., Inc.* v. *United States*, 40 Cust. Ct. 547, Abstract 61913, we had occasion to consider section 25.18(c) of the Customs Regulations of 1943 which provided:

(c) * * * However, when a bond or stipulation is given for the production of any free-entry or reduced-duty document and a satisfactory document is not produced within the prescribed time but is produced prior to liquidation of the entry or within the period during which a valid reliquidation may be completed, it shall be accepted as satisfying the requirement that it be filed in connection with the entry, and the bond charge for its production shall be canceled.

We held that the words "the period during which a valid reliquidation may be completed" referred to the period prior to the attachment of the jurisdiction of the court, during which the collector might have reliquidated the entry, and that the production of the document thereafter did not constitute filing "in connection with the entry."

It is obvious that the purpose of requiring the production of a shipper's statement in regard to merchandise sent abroad for alteration or repairs is to advise the collector of what was done to the goods and the cost thereof, in order that he may make a proper liquidation. Receipt of the document subsequent to the period during which he is authorized to act does not serve this purpose. Note, in this connecnection, *McBride* v. *United States, supra,* where the court stated (p. 295):

What is the meaning to be attributed to the words "upon the filing with the entry?" If we take notice of what is to follow upon the filing with the entry of the required papers, it will be seen that it is an act of the collector which is to take place prior to liquidation. He is expected to pass upon the importation and to liquidate the entry, and the goods are to be admitted free of duty upon the filing with the entry of an affidavit by the importer and the other requisite papers. Obviously these papers must be before the collector for action, and they must be filed at a time which will admit of his taking such action. Otherwise it must be held that the usual function of the collector of liquidating the duties in such a case is one which may be ignored by the importer, and a showing subsequently made for original action by another tribunal. This is a construction of the regulation not to be accepted except upon extremest necessity. * * *

The production of the shipper's statement in the instant case long after the collector's authority had expired and the jurisdiction of the court had attached does not constitute compliance with regulations requiring that it be filed "in connection with an entry."

Since the requirements of the regulations have not been satisfied, the protest must be overruled. Judgment will be rendered accordingly.