**No. 60805.**—Air Express International Agency, Inc., and Robert Smith Kiliper *v.* United States, protest 260679–K (New York).

DONLON, Judge: This case involves a portrait of the Revolutionary War personage, General Greene. The portrait was purchased in Ireland as an original by Gilbert Stuart, and so entered. When before us earlier, submission was set aside on grounds stated in our opinion. *Air Express International Agency, Inc., et al.* v. *United States,* 37 Cust. Ct. 431, Abstract 60397. It suffices here to note that, on the proofs theretofore adduced, plaintiffs had overcome the presumption of correctness that attaches to the collector's liquidation.

With the consent of the defendant, plaintiffs have now amended their protest (R. 15) to include the following claim:

That the merchandise the subject of the protest is a work of art, an artistic antique, or an object of art which was produced prior to the year 1830, and entitled to free entry under the provisions of Paragraph 1811 of the Tariff Act of 1930.

Plaintiffs have now introduced the testimony of Mr. Frank A. McCarthy in support of their amended claim, and defendant has introduced no evidence.

Mr. McCarthy, until his retirement in August 1955, was for 38 years an examiner of merchandise on the staff of the appraiser for the port of New York. Mr. McCarthy testified that he was examiner of works of art, including paintings (R. 6), and also that he was examiner of antiques (R. 13). In his opinion as such expert, Mr. McCarthy testified that this painting was produced prior to 1830 and it comes within the purview of paragraph 1811 (R. 10). Mr. McCarthy further testified that he was the examiner of this portrait and was familiar with the entry (R. 6).

There seems to be no doubt, on the proofs before us, that this portrait is entitled to duty free entry, under paragraph 1811, unless technical considerations bar plaintiffs from this statutory benefit.

Neither plaintiffs nor defendant have pressed certain technicalities that might be available to them. Evidently they do so in the interest of justice. Defendant not only did not, in final position, oppose the protest amendment which brought the claim to paragraph 1811 entry before us; defendant consented to it. Defendant did not argue that no affidavit of antiquity was filed with the entry. It could not have been filed, because that was not the basis of entry. Instead, it appears to have waived such filing, as it may do, and to rely instead on the expert opinion of the very examiner on whose advice, for so long a period of years and including the time of this entry, the appraiser relied for guidance in paragraph 1811 entries. This, then, is not such a situation as was before this court in *Wormser* v. *United States,* 32 Cust. Ct. 163, C. D. 1597.

Plaintiffs, for their part, do not press their claimed right, previously argued, to receive notice, under section 499, of changed entry, with consequent right to amend the entry. Their position, too, seems to be based on a desire to permit this court to do justice, under the law, on the record before us.

519

Under the amended protest, and on the record as developed, the claim of plaintiffs to duty free entry under paragraph 1811 is sustained. Judgment will issue accordingly.