BEFORE THE THIRD DIVISION, JUNE 27, 1958

**No. 62142.**—V. T. Mancusi *v.* United States, protest 318553–K (New York).

DONLON, Judge: Counsel have submitted this protest on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States, subject to the approval of the Court, that the merchandise involved in this protest consists of a painting in oil entitled "Portrait of a Woman" entered free of duty under Paragraph 1807 of the Tariff Act of 1930 as an original painting by John Constable, an English painter of the early nineteenth century; that in liquidation of the entry the Collector rejected the claim for classification under Paragraph 1807 of the Tariff Act of 1930 and assessed duty on the painting at 10 per centum ad valorem under the provisions of Paragraph 1547 (a) of the Tariff Act of 1930 as modified by T. D. 51802, the General Agreement on Tariffs and Trade.

IT IS FURTHER STIPULATED AND AGREED that the importer has now executed Customs Form 3307 which is now attached to the entry papers and in which it is claimed that the painting was produced prior to 1830; that if the importer's claim had been before the Collector prior to the liquidation of the entry or the expiration of the Collector's review period under Section 515 of the Tariff Act of 1930, the entry would have been liquidated or reliquidated free of duty under Paragraph 1811 of the Tariff Act of 1930 as an artistic antiquity produced prior to 1830.

IT IS FURTHER STIPULATED AND AGREED that the issue involved in this protest is in all material respects the same as that involved in *A. W. Fenton Company* v. *United States,* 36 Cust. Ct. 445, Abstract 59948, the record in which may be received in evidence herein.

IT IS FURTHER STIPULATED AND AGREED that all of the official papers may be received in evidence and the protest submitted on this stipulation.

The case of which the record has been incorporated on stipulation of counsel that the issue in the incorporated case and the issue before us in this protest are the same in all material respects, has to do with a violin and a violincello made prior to 1801, for which duty free entry was claimed under paragraph 1811. We are not persuaded that this is the same issue, in the stipulated sense, as the issue which is now before us. While both protests arise under paragraph 1811, the provisions of that paragraph which are relied on in the two cases are different. The mere fact that two protests relate to claims under a single paragraph containing several provisions, does not mean that the issues are necessarily the same. The incorporated record adds little or nothing to the facts that have been stipulated with respect to this painting.

However, the stipulated facts make a record which is adequate for decision.

As in *Air Express International Agency, Inc., et al.* v. *United States,* 38 Cust. Ct. 518, Abstract 60805, defendant has not here pressed the objection that no affidavit of antiquity of this painting was filed with the entry. Defendant consented here, as in the *Air Express* case, to amendment of the protest, in order to bring plaintiff's paragraph 1811 claim before us.

Accepting the stipulation as an agreed statement of facts, we hold that the oil painting, "Portrait of a Woman," described in the invoice and entry covered by this protest, is an artistic antiquity produced prior to the year 1830 and is entitled to free entry under paragraph 1811 of the Tariff Act of 1930.

Judgment will be entered accordingly.